Mitchell D. Schweitzer, J.
Plaintiff, a New York corporation, sues for damages allegedly caused by the defendant insurance company’s breach of an indemnity insurance policy issued in 1958, wherein defendant insured a third party (Kingston Steamship Coup.) against certain risks to a vessel then owned by Kingston. An indorsement was then issued which named another corporation — Inland Credit — as loss payee, as first preferred ship mortgagee. It appears, however, that Kingston’s debt to Inland was later paid and Inland’s status as first mortgagee extinguished, although the indorsement itself was never changed to reflect this fact. Kingston thereafter issued a first preferred ship mortgage to another corporation — Empire Commercial — which then assigned the mortgage to plaintiff. Plaintiff’s rights asserted herein allegedly arise out of this assignment and a later agreement between Kingston and plaintiff' wherein plaintiff’s status as mortgagee was expressly *849 affirmed. After execution of this agreement Kingston defaulted in the payment to plaintiff of the indebtedness secured by the mortgage. In 1960, pursuant to rights granted in the mortgage, plaintiff libeled the vessel. In the libel proceeding, in a Federal District Court in Texas, another party —Todd Shipyards Corp. — interposed an intervening libel wherein it sought to recover damages allegedly caused it by the vessel in 1958, when the vessel was entering one of Todd’s drydocks. Plaintiff then requested defendant, as insurer of the vessel at the time of the alleged negligent act, to enter the Texas litigation and defend against this claim. Defendant did not do so, and plaintiff thereafter negotiated with Todd and settled that claim by payment of $10,000 to Todd.
Plaintiff, after fruitless correspondence with defendant, then instituted this action to recover the amount of the settlement paid, plus its expenses incurred in the settlement. The action was instituted by the service in proper form of the summons and complaint upon the 'Superintendent of Insurance of this State, purportedly pursuant to section 59-a of the Insurance Law; for defendant is a California corporation.
Defendant now moves to dismiss the complaint on the grounds that (a) this court does not have jurisdiction over defendant, for section 59-a is inapplicable under the circumstances herein; (b) the cause asserted is time-barred; and (c) the complaint is legally insufficient and fails to allege a cause of action. The portions of the motion denominated (a) and (c) above are interrelated, for both are founded in part upon the claim that plaintiff has no legally cognizable rights under the insurance policy concerned. If this assertion is correct, the manner of service would be improper (for section 59-a may be used only by an insured or a beneficiary of certain insurance contracts), and this court would lack jurisdiction in the premises. As a necessary corollary thereto, the cause asserted would be defective. Accordingly this question will be first discussed.
The general rule prevents suits on insurance policies by those not party to the insurance contract, save where a contrary result is dictated by statute (see Burke v. London Guar. & Acc. Go., 47 Mise. 171, affd. 126 App. Div. 933, affd. 199 N. Y. 557). No such statute is here operative, for section 167 of the Insurance Law, which does extend the right to sue on the policy to certain other parties, excludes marine protection and indemnity policies from its scope. Plaintiff, however, claims that by virtue of the status, above described, it is an equitable beneficiary under the policy and, therefore, entitled to the benefits of section 59-a and to maintain the action. In the mortgage and first *850 supplemental agreement thereto, Kingston covenanted to insure the vessel for plaintiff’s benefit and appointed plaintiff its attorney in fact to collect the insurance proceeds (art. H, § 18, subds. [4], [21]). As there is no apparent controversy over the fact of Kingston’s default in payment of the mortgage, these provisions of the agreement and plaintiff’s other rights flowing from the mortgage put it in a status above that of a mere third party to the insurance contract (see Farmers’ Loan & Trust Co. v. Penn Plate Glass Co., 103 F. 132, affd. 186 U. S. 434; Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42). However, its rights may still be limited by the terms of the insurance contract, which provides, in pertinent part, that “ No person, excepting a legally appointed receiver of the property of the Assured, shall acquire any right against the company by virtue of this insurance without the expressed written consent of the company. ’ ’ The general rule applied in such cases has been stated in a case cited by plaintiff — Central Union Bank of So. Carolina v. New York Underwriters Ins. Co. (52 F. 2d 823, 824): ‘ ‘ an assignment, not of the policy itself with its obligations, but of the owner’s rights thereunder by way of pledge or otherwise as security for a debt, is held valid, in the absence of express restriction to the contrary ”. (Emphasis added.) Insurance contracts have long been considered personal in nature (Matter of Kolb v. Brummer, 185 App. Div. 835, affd. 226 N. Y. 570), and, absent a basis for finding waiver or estoppel, ‘ ‘ Where * * a liability policy requires the written consent of the insurer to effectuate the transfer of the insurance interest, the policy loses its force as a contract upon conveyance of the property without such consent ” (Mobilia v. Security Taxpayers Mut. Ins. Co., 90 N. Y. S. 2d 895, 898, affd. without opn. 277 App. Div. 985). True, plaintiff’s acquisition of its asserted rights under the contract herein did not arise by a voluntary sale of the property, as mentioned in the above quote, but rather through the owner’s default and plaintiff’s status as mortgagee of the property concerned. But plaintiff voluntarily assumed its status as mortgagee, and thus this distinction should not be decisive.
Plaintiff’s reliance upon Kaye v. “ John Doe” (204 Misc. 719), is misplaced, for there the court held only that injured parties may, where the assured became insolvent, be deemed ‘ beneficiaries ’ ’ of the insurance contract and entitled to sue thereon, as well as utilize the provisions of section 59-a of the Insurance Law. The basis for this decision was that * as the injured persons, they are within one of the two classes of those distinctly intended and desired to be protected by the statute ’ ’ (id., p. 724; see, also, Bakker v. Ætna Life Ins. Co., 264 N. Y. *851 150; Jackson v. Citizens Cas. Co., 277 N. Y. 385). These pronouncements indicate that the intention of the Legislature, as well as of the courts, was to afford rights under liability policies to innocent third parties injured by the actions of the assured, when pursuit o.f their remedies against the assured would be, by virtue of the assured’s insolvency, useless (Merchants Mut. Auto. Liab. Ins. Co. v. Smart, 267 U. S. 126,129-130). A rather different situation is here involved: plaintiff is not comparable to an injured third party who had no contact with the assured prior to the incident. Plaintiff has admitted that Kennedy v. Long Is. R. R. Co. (26 F. R. D. 589) is not clear authority for the position advanced by it; for at most the court therein held that the plaintiff in that case could not be considered a beneficiary, though it stated that parties not named in the policy but who held ‘ ‘ matured claims ’ ’ against the insured would be deemed beneficiaries. Plaintiff herein does not have a1‘ matured claim ”, in the sense of an outstanding judgment, against the assured. Many of the same defenses raised by defendant herein could be raised by the assured in any suit against it by plaintiff; for one of the major issues herein presented is whether plaintiff, when it made the payment to Todd, was actng as a volunteer only, and, at the time of the payment, the legal liability of - the assured on the claim asserted was, and still is, unresolved. Plaintiff could have allowed Todd’s claim to proceed to judgment but did not do so.
By then voluntarily making the payment, plaintiff prevented defendant from defending against the Todd claims. There were other remedies available to it if defendant failed to meet its obligations under the insurance contract. Defendant was not obliged to settle or attempt or settle claims against its insured (Auerbach v. Maryland Cas. Co., 236 N. Y. 247). As the insured would have been barred from settling the claim without defendant’s consent and then seeking recovery of the amount of the settlement from defendant (see Upton Coal Stor. Co. v. Pacific Coast Cas. Co., 162 App. Div. 842), so plaintiff is barred (Matter of Brown Bomber Baking Co. [Fiske], 293 N. Y. 141). In any event, it appears that plaintiff would be time-barred from suit on the policy under the short period for doing so provided in the insurance contract (Karl v. Concordia Fire Ins. Co. of Milwaukee, 95 N. Y. S. 542, affd. 276 App. Div. 971; Brandyce v. Globe & Rutgers Fire Ins. Co., 252 N. Y. 69).
For all of the foregoing reasons, the motion must be granted and the complaint dismissed.