(May 15, 1969)

■ MELVIN FEINBERG, Appellant, v. MERCHANTS BANK OF NEW YORK, Defendant. DOROTHY FEINBERG, Respondent, v. SADFEIN REALTY CORP. et al., Appellants.— Judgment entered November 4, 1968, unanimously affirmed, with $50 costs and disbursements to respondent, on the opinion of Trial Term. Order entered November 4, 1968, so far as appealed from, unanimously affirmed, without costs and without disbursements. Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.

■ MASHA CHOMSKI et al., Respondents, v. ALSTON CAB CO., INC., et al., Appellants, et al., Defendants.— Order entered March 5, 1969, preferring and advancing this personal injury action for trial, unanimously reversed and vacated, on the law and the facts in the exercise of discretion, without costs and without disbursements. We derogate in no way from our view, previously expressed, that the Justice at Pretrial Term should act as a catalyst in bringing the parties together to a fair settlement and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. (Wolff v. Laverne, Inc., 17 A D 2d 213.) Nor do we question the objective and well-intentioned zeal of the Justice whose order is under review. Nevertheless, mere refusal on the part of defendant's counsel, or reluctance to accede to the court's specific view of a settlement should not be followed by judicial lightning. This is so, even when here, the tactics of defendant are open to the reproach of dilatory foot-dragging. Yet, the particular record before us is an insufficient basis to support an affirmative finding of bad faith on the part of defendant's counsel. (Binninger v. Grillo, 28 A D 2d 1100.) And to permit this disposition to stand would only leave behind a vexatious precedent, be unfair to the general tort litigants who must stand and wait, and borrow trouble of the future. Accordingly, the case should be restored to its original position on the calendar. Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.

■ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant, and DESPARD & CO., INC., Appellant, v. ATAKA & Co. et al., Intervenors-Respondents, et al., Defendants.— Order entered December 16, 1968, granting respondents leave to intervene and to be added as parties defendant in this action for a declaratory judgment, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the motion denied. Under the common law, the New York statutory law and by virtue of the terms of the policy of Excess Marine Protection & Indemnity insurance covering the S. S. San Patrick, the respondent cargo claimants have no standing to sue or to intervene in the action by the plaintiff-appellant insurer. (Jackson v. Citizens Cas. Co., 277 N. Y. 385, 389; Insurance Law, § 167, subd. 4; § 112, subd. 2, par. [c], cl. [2]; § 46, subd. 21; Meridian Trading Corp. v. National Auto & Cas. Ins. Co., 45 Misc 2d 847.) Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Nunez, JJ.