Irving Younger, J.
This case involves a challenge to the validity of a familiar legal device.
Cecil Swift is Carl Swift’s father. Carl owed $714.43 to plaintiff. On August 21, 1969, father and son met with plaintiff’s attorney. The three of them executed a document of the kind commonly employed by the commercial community in such situations. It is captioned:
Civil Court of the City of New York County of New York
Cimbel Bros., Inc., Plaintiff, • — against — Cecil Swift and Carl Swift, Defendants.
The body of the document is a stipulation that ‘ ‘ the above entitled action is hereby settled ’ ’ on terms set forth in three numbered paragraphs: (1) defendants appear generally and waive service of the summons; (2) $714.43 is the amount due to be repaid at the rate of $40 per month; (3) in the event of nonpayment, plaintiff may file the summons and enter judgment without further notice.
Carl (the son) made some payments and then stopped, whereupon plaintiff filed the summons and entered judgment against Cecil (the father). Cecil now moves to vacate the judgment. He does not deny that he signed the stipulation. Bather, he argues that, because no action was ever commenced and because he was given no notice of default, the stipulation is unconscionable and hence void under section 2-302 of the Uniform Commercial Code.
In our practice, “An action is commenced and jurisdiction acquired by service of a summons. ” (CPLR304.) As the statute suggests, it is the acquisition of jurisdiction over a defendant’s person that commences the action. And since jurisdiction may be acquired by consent (Matter of Bauer [MV AIC], 31 A D 2d 239 [4th Dept., 1969], and cases cited therein) it follows that an action may be commenced by consent. The submission to *158 jurisdiction is simultaneously an acknowledgment that the action has been commenced. Here, the stipulation bears a litigation caption and states in its first paragraph that defendant appears ‘ ‘ generally and waives service of summons. ’ ’ The words are clear. Defendant makes no claim that he was misled. This was the commencement of an action by consent.
Defendant received no notice of default. Had he failed to appear and answer, notice would have been essential. (OCA, § 1402.) This case is something else. The stipulation of settlement permits entry of judgment without notice in the event of nonpayment, and the stipulation was made after commencement of the action. (The action was commenced in the stipulation’s first paragraph, settled in the second, and provision made for entry of judgment without notice in the third.) A stipulation of precisely this sort is authorized by CPLR 3215 (subd. [h], par. 1), and I find no infirmity in the statute.
Defendant’s real argument is that now, some six months after he signed the stipulation, he wishes he had not. While defendant may have been unwise to assume responsibility for the debt of his grown son, assume it he did. The doctrine of unconscionability is not a charter of economic anarchy. Contracts still bind and debts are still payable. A promisor can be relieved of his obligation, of course, but only when the transaction affronts the sense of decency without which business is mere predation and the administration of justice an exercise in bookkeeping.
This defendant has attempted to show no such thing. He argues only that the stipulation is unconscionable on its face. The argument is without merit, and his motion to vacate the default judgment is, therefore, denied.