ALBANY TRUCK RENTAL SERVICE, INC., Also Known as ALBANY TRUCK RENTALS, Appellant, v NEW HAMPSHIRE MERCHANTS INSURANCE COMPANY, INC., et al., Respondents, and TRAVELERS INDEMNITY COMPANY, Appellant.

Third Department, July 3, 1980

### APPEARANCES OF COUNSEL

*Lyons, Pentak, Brown & Tobin (William J. Pentak* and *Kenneth L. Golden* of counsel), for Albany Truck Rental Service, Inc., appellant.

*Hubert D. Miles* for Travelers Indemnity Company, appellant.

*Lamb & Wilkin (Edward A. McMahon* of counsel), for New Hampshire Merchants Insurance Company, Inc., respondent.

*Robert Abrams, Attorney-General (Vernon Stuart, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for David L. Sinnamon, respondent.

### OPINION OF THE COURT

CASEY, J.

On October 28, 1974, a tractor trailer being driven on the New York State Thruway by the defendant David L. Sinnamon overturned and killed Michael L. Bennekin, the passenger. The tractor was owned by the plaintiff Albany Truck, but had been leased to the New York State Department of Correctional Services (Department). At the time of the accident, both Bennekin and Sinnamon were coemployees of the Department, acting within the course of their employment.

The appellant Travelers insured all vehicles owned by Albany Truck. At the time of the lease, the Department agreed to "secure required insurance—including coverage for physical

damage, bodily injury and property damage". To fulfill this obligation, the Department purchased a policy of insurance from Merchants, and Merchants issued a certificate to the plaintiff Albany Truck, certifying that Albany Truck was an insured under the purchased policy.

On November 4, 1974, as a result of the accident, the administratrix of the estate of Bennekin sued Sinnamon as driver, Albany Truck as owner, and the General Tire and Rubber Company, the manufacturer of the tires on the tractor, for the wrongful death of Bennekin. The complaint, without mentioning the coemployee status existing between Sinnamon and Bennekin, alleged the negligence of Sinnamon in the manner of his operation of the vehicle, which the complaint sought to impose vicariously on Albany Truck, as owner, under section 388 of the Vehicle and Traffic Law. The complaint also alleged independent acts of negligence on behalf of Albany Truck for leasing a vehicle which it failed to properly inspect, equip and maintain. Further allegations of the complaint alleged that the tractor's defective tires manufactured by the defendant General Tire and Rubber Company contributed to, if they did not cause, the accident. Albany Truck and General Tire and Rubber Company, as third-party plaintiffs, sued Sinnamon as a third-party defendant, seeking indemnity, or at least contribution, for his negligent operation of the vehicle.

Following the accident, the State, on behalf of the Department, requested both insurers herein, Travelers and Merchants, to undertake the defense of Sinnamon and to pay any verdict obtained against him by the estate of Bennekin. Both companies refused and each disclaimed—Travelers because the Department in its lease had failed to obtain full insurance coverage for the driver and for the plaintiff; and Merchants, because Bennekin was an employee of its insured and, therefore, expressly excluded from coverage under its policy.

Upon the disclaimers by both insurers, the Attorney-General undertook the defense of Sinnamon in the death action and successfully moved to have that action against Sinnamon dismissed under section 11 and subdivision 6 of section 29 of the Workers' Compensation Law by order of Mr. Justice MINER, dated October 13, 1976. Subsequently, by order of Mr. Justice CHOLAKIS, entered June 19, 1978, and again upon motion made by the Attorney-General, the third-party action against Sinnamon was dismissed pursuant to section 24 of the

Correction Law, a determination that was affirmed by this court (see *Lumpkin v Albany Truck Rental Serv.,* 70 AD2d 441), effectively removing Sinnamon as a third-party defendant. The effect of Sinnamon's removal as a defendant also insulated Albany Truck, as owner, from any vicarious liability for Sinnamon's negligence, inasmuch as the remedy of Bennekin's estate against Sinnamon as a coemployee was exclusively workers' compensation under subdivision 6 of section 29 of the Workers' Compensation Law. Insofar as the complaint alleged that Albany Truck was independently negligent for leasing a vehicle that was negligently inspected, equipped or maintained knowing that it was to be used by the Department lessee, that part of the complaint is still viable against Albany Truck (see *Di Bernardo v Heimroth,* 58 AD2d 344). The action brought by the administratrix against General Tire and Rubber Company was, of course, unaffected by the dismissal motions.

In order to clarify the insurance coverage question, Albany Truck, as plaintiff, brought the declaratory judgment action, here now on appeal, against both insurers and Sinnamon and the administratrix Lumpkin. The plaintiff Albany Truck and Sinnamon moved for summary judgment.

Special Term decided that the language of the respective policies controlled. The policy issued by Travelers contained a "pro rata clause" regarding other insurance and was declared "primary" up to the limits of its policy, no other primary insurance being in effect at the time. The policy obtained by the Department from Merchants provided that "[t]his insurance shall be excess insurance over any other valid and collectible insurance for Bodily Injury Liability for Property Damage Liability and for Automobile Medical Payments." In the main body of the policy it is likewise provided:

"VI. ADDITIONAL CONDITIONS.

"A. Excess Insurance—Hired and Non-Owned Automobiles.

"With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured."

In reliance on the provisions of the respective policies, Special Term declared Travelers' coverage to be primary and Merchants' secondary or excessive.

■ Albany Truck and Travelers, the appellants herein, urge reversal for reasons we consider to be without merit. The

appellants contend that the failure of the Department to provide primary insurance under the obligation of its lease violated the leasing contract. This contention is erroneous because the lease did not require the Department to provide primary coverage; neither Albany Truck nor Travelers was a party to the insurance contract between the Department and Merchants, and if the lease was violated the remedy of the appellants was to sue the Department for the breach. Furthermore, Merchants has a right to insist that the obligations under its contract with the Department circumscribe the extent of its exposure.

Next, appellants argue that the excess clause of the Merchants policy is applicable only to hired vehicles of certain State agencies, which do not include the Department of Correction. The main body of the Merchants policy, however, contains two excess clauses applicable to hired automobiles of the State in general and these control the vehicle in question.

■ Appellants' third contention is that Merchants waived its right to assert the excess clause in relying only on the workers' compensation status of Sinnamon in its original disclaimer. Merchants herein is not disclaiming, but rather, offering the coverage afforded by its policy. Merchants is not an appellant herein. Furthermore, when a disclaimer fails the insurer's obligation is, in these circumstances at least, to pay within the limits of its policy *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427).

Finally, appellants argue that the tractor leased from Albany Truck is not covered by the Travelers policy with Albany Truck, which excludes from the definition of an insured "any person or organization, other than the named insured, with respect to: (1) a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company".

■ A trailer attached to the tractor herein was leased by the Department from Thriftway Leasing. The disclaimer of Travelers was limited to the Department's failure to obtain full insurance for the tractor from Merchants. That disclaimer cannot now be expanded to include additional reasons for disclaimer *(Brink v Hanover Fire Ins. Co.,* 80 NY 108). The trailer is not alleged to have contributed to the accident in any way; and in addition, if such disclaimer were allowed for this reason, a serious question of the contravention of public policy would be raised (see *Mount Vernon Fire Ins. Co. v*

*Travelers Ind. Co.,* 63 AD2d 254, affd on other grounds 47 NY2d 575).

■ Special Term's determination in reliance upon the policy provisions of each insurance contract, therefore, was correct. (See *General Acc. Fire & Life Assur. Corp. v Piazza,* 4 NY2d 659.) Insofar as that determination applied to Sinnamon, however, it has largely been rendered moot as the result of the granting of both of the dismissal motions made on his behalf by the Attorney-General, which relieved him of any liability in the wrongful death action. The ultimate success of Sinnamon was, however, no reason for either insurer to refuse to defend him when the wrongful death action was commenced. The duty of an insurer to defend is broader than the duty to pay *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148), and the duty to defend is circumscribed by the allegations of the complaint, which, as has been said, failed to mention the coemployee status of Sinnamon, entitling him to a defense of that issue and the interposition of a workers' compensation defense on his behalf, if such coemployee status existed *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322).

The duty to defend Sinnamon likewise extended to his defense of the third-party action brought against him by Albany Truck and the General Tire and Rubber Company *(Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551). These defenses should have been undertaken by Travelers and Merchants in accordance with their respective primary and secondary coverage status as found by Special Term. The failure of Travelers herein, as the provider of the primary coverage, to undertake the defense of Sinnamon required the Attorney-General to do so. If such efforts were exerted by any other attorney, he would, of course, be entitled to counsel fees for doing what Travelers failed to do. It does not appear herein, however, that Sinnamon incurred any attorneys' fees to the Attorney-General. Accordingly, none can be allowed (31 NY Jur, Insurance, § 1313). The determination made by Special Term that the question of attorneys' fees and the amount thereof be factually determined at Trial Term was, therefore, error and it is accordingly reversed.

■ In its present aspect, the action of the administratrix of Bennekin exists against Albany Truck, not for any negligence of Sinnamon, for such negligence, if any, is not imposable vicariously upon Albany Truck as owner because of subdivi-

sion 6 of section 29 of the Workers' Compensation Law, but for its own independent negligence in leasing for use and operation a vehicle which it had failed to properly equip, inspect and maintain. The responsibility to defend Albany Truck in that action and to pay any judgment obtained against it is on Travelers primarily and Merchants secondarily, as determined by Special Term. Since Albany Truck can only be held for its own, as distinguished from Sinnamon's negligence, it makes sense to impose the primary obligation on its own, as distinguished from the Department's, liability insurer. Merchants, of course, is not an appellant herein and is, therefore, bound by the determination made at Special Term. The action of the administratrix against General Tire and Rubber Company remains unaffected.

The order should be modified, on the law, by deleting decretal paragraphs (1), (2), (3) and (4), and by substituting therefor decretal paragraphs declaring: (1) that Travelers is the primary insurer of Albany Truck in the action brought against it by the administratrix of the estate of Bennekin and bears the primary obligation to defend and, if necessary, make payments on behalf of Albany Truck; (2) that Merchants is the secondary or excess insurer of Albany Truck in that action and bears the obligation to defend and, if necessary, make payments on behalf of Albany Truck, should such defense and such payment become necessary; (3) that the defendant Travelers is required to pay the reasonable attorneys' fees expended by the plaintiff Albany Truck by reason of its disclaimer and that the amount of such attorneys' fee is referred to the ready day calendar of the Trial Term of the Supreme Court, Albany County, for assessment as a factual determination, and, as so modified, affirmed, with one bill of costs to respondents filing briefs against the appellant Travelers.

MAHONEY, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Order modified, on the law, by deleting decretal paragraphs (1), (2), (3) and (4), and by substituting therefor decretal paragraphs declaring: (1) that Travelers is the primary insurer of Albany Truck in the action brought against it by the administratrix of the estate of Bennekin and bears the primary obligation to defend and, if necessary, make payments on behalf of Albany Truck; (2) that Merchants is the secondary or excess insurer of Albany Truck in that action and bears the obligation to defend and, if necessary, make payments on

behalf of Albany Truck, should such defense and such payment become necessary; (3) that the defendant Travelers is required to pay the reasonable attorneys' fees expended by the plaintiff Albany Truck by reason of its disclaimer and that the amount of such attorneys' fees is referred to the ready day calendar of the Trial Term of the Supreme Court, Albany County, for assessment as a factual determination, and, as so modified, affirmed, with one bill of costs to respondents filing briefs against the appellant Travelers.