**FRANK B. HALL & CO., INC., Plaintiff,**

**v.**

**RUSHMORE INSURANCE COMPANY, LIMITED, Defendant.**

**No. 80 Civ. 4976 (RLC).**

United States District Court, S. D. New York.

April 20, 1981.

D'Amato & Lynch, New York City, for plaintiff; Richard G. McGahren, New York City, of counsel.

Lans, Feinberg & Cohen, New York City, for defendant; Deborah E. Lans, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant Rushmore Insurance Co., Ltd. ("Rushmore") moves to dismiss the complaint brought by plaintiff Frank B. Hall & Co. Inc. ("Hall"). Defendant is a Bermuda Insurance Company that sought to enroll sports teams in an insurance scheme whereby the teams would insure with a domestic insurer and the domestic company would reinsure with defendant. If the teams became defendant shareholders, profits real-ized as a result of the teams' good loss experience could be repaid to the teams as dividends to shareholders. Plaintiff had been servicing the insurance needs of some four sports teams and was involved in solic-iting those teams to insure with the domes-tic insurance company which was a part of the Rushmore plan. Three teams apparent-ly did insure with the domestic company, but none ever bought into Rushmore. Plaintiff sues to recover for the teams' good loss experience.

By an order to show cause served on August 25, 1980, plaintiff moved *ex parte* in state court for an attachment sufficient to satisfy the amount of $100,000. The order temporarily enjoined Home Insurance Co., the domestic insurance company, from transferring any reinsurance premiums to defendant. The motion for an attachment was returnable on August 26, 1980, but on that date the motion was adjourned at plaintiff's request until September 2, 1980, and the temporary restraining order was continued in effect until then. On August 29, 1980, defendant then moved the case to this court. In February, 1981, defendant moved to confirm the expiration of the tem-porary restraining order, and at a hearing on February 17, 1981, the court held the temporary restraining order had expired on its own terms in September, 1980, and, on plaintiff's motion, ordered defendant to post a bond in the amount of $50,000 to satisfy any final judgment that might be entered against Rushmore.

Before the merits of the instant mo-tion can be reached, a threshold procedural question must be considered. Plaintiff con-tends that a complaint has never been served on Rushmore and, therefore, the mo-tion to dismiss is premature. A complaint was included as an exhibit among the pa-pers supporting the motion for attachment, and service of the motion and exhibit were accepted by counsel on behalf of defend-ant.[1] Plaintiff argues that since § 6213,

---

1. See August 25, 1980 Affirmation of Deborah Lans, Esq. in Opposition (Affidavit of Deborah Lans in Opposition to Plaintiff's Motion to Re-mand, September 29, 1980, Exhibit I).

N.Y. CPLR, provides for service of a summons and complaint within sixty days after the order granting an attachment and does not require a complaint to be attached to the motion, and since the sixty day period has not yet run, no complaint has been served.

■ ·However valid plaintiff's argument might be as to procedure and practice in the courts of New York,[2] it is clear that, after removal, the action is governed by the Federal Rules of Civil Procedure. Rule 81(c), F.R.Civ.P. After removal, repleading is not necessary unless the court so orders, *id.*, and federal courts will accept, as operative, papers served in state court which satisfy the notice-giving function of pleadings under the Federal Rules of Civil Procedure. For example, in *Instituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Products*, 47 F.R.D. 310 (S.D.N.Y.1969) (Edelstein, J.), the court considered an action pursuant to an accelerated state court procedure whereby summary judgment might be granted without a complaint being filed. § 3213, N.Y. CPLR provides in part that "If the [summary judgment] motion is denied, the moving papers and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise." After removal, the court stated that it could consider the motion for summary judgment without the filing of a complaint:

> ... the key factor ... is that the defendant had been given actual notice of the

nature of the plaintiff's claim which enabled the defendant to answer. This fully comports with the modern objective of pleadings which is to give "A generalized summary of the case that affords fair notice" to all concerned.

*Sperti, supra* at 313 [quoting 2A Moore's Federal Practice ¶ 8.03, 1613 (2d ed. 1968)].

■ In the instant action, where a complaint was made part of the motion for an attachment served on defendant, defendant has had adequate notice of the nature of plaintiff's claim. Thus, defendant's motion to dismiss is not premature.

Turning now to the merits, the complaint served on defendant states that Hall brings this action on its own behalf and on behalf of its clients. It alleges that, pursuant to Rushmore's proposal, four sports teams[3] insured with Home Insurance Co. which, in turn, reinsured with Rushmore. The complaint claims that Rushmore breached its agreements with the teams by failing to return premiums earned by the sports teams for their good loss experience and that the teams were damaged to that extent. Rushmore contends that the complaint is defective in two respects. First, defendant argues that since it is the sports teams, and not Hall, that have the substantive rights to be enforced, if any, plaintiff has failed to join the real parties in interest, thereby failing to satisfy Rule 17, F.R. Civ.P. Second, defendant avers that since the complaint depicts Hall as an insurance agent or broker for the sports teams and

---

Plaintiff has also argued that Ms. Lans only consented to the jurisdiction of the court and did not effectively accept service. However, it is clear in New York, at least, that consenting to jurisdiction constitutes a simultaneous acknowledgement that the action has been commenced. See *Gimbel Bros. Inc. v. Swift*, 62 Misc.2d 156, 307 N.Y.S.2d 952 (Sup.1970).

**2.** It appears that New York courts have also concluded that complaints annexed to motions for an attachment are liable to motions for dismissal. While a complaint is not an indispensable part of the papers for an attachment, *Atlantic Raw Materials v. Almarex Products*, 154 N.Y.S.2d 993, 996 (Sup.1956) and while the attachment may be deemed valid notwithstanding defects in the complaint, *id.*, New York courts have heard and granted motions to dis-

miss complaints so served. See *Atlantic Raw Materials, supra*, at 996; *Lepow v. Cervo Export Corp.*, 82 N.Y.S.2d 423 (Sup.1948).

**3.** The original complaint alleged that defendant had entered into agreements with four teams— the Pittsburgh Penguins, the San Francisco 49er's, the New York Islanders, and the Colorado Rockies. In its opposition to plaintiff's motion for an attachment, and in its own motion to dismiss, defendant has consistently asserted that no agreement of any sort was ever entered into between Rushmore and the Colorado Rockies. Apparently conceding defendant's point, Hall's subsequent submissions have made no mention of the Rockies, and they are not named in plaintiff's "Revised" complaint.

since it is alleged that Rushmore's breach damaged the teams and not Hall, plaintiff cannot maintain an action in its own name on behalf of the teams.

■ The general rule is that an insurance agent or broker cannot sue to enforce the contract on behalf of his principal:

An agent who makes a contract on behalf of a principal cannot maintain an action thereon in his own name on behalf of the principal although authorized by the principal to bring suit, unless the agent is a promisee or transferee.

Restatement 2d Agency § 363. *See e.g. Meridian Trading Corp. v. National Automobile and Casualty Insurance Co.*, 45 Misc.2d 847, 258 N.Y.S.2d 16, 18 (S.Ct.1964); *Application of Eimco Corp.*, 6 Misc.2d 422, 163 N.Y.S.2d 273 (Sup.1957).

■ In its response plaintiff has not challenged Rushmore's contentions. Rather, Hall has attached a "Revised Complaint" as an exhibit and argued that the revised complaint states as a second count a claim that defendant breached a unilateral contract with Hall of which the sports teams are third-party beneficiaries. Whether this "revised" complaint satisfies the requirements of Rule 17, F.R.Civ.P., and whether it states, in its second count, a claim on Hall's behalf against Rushmore need not be reached at this juncture. For, plaintiff has neither filed nor sought leave to file an amended complaint, and, thus, the revised complaint is not properly before this court. Moreover, under Rule 81, F.R.Civ.P., all pleadings following removal must conform to the Federal Rules of Civil Procedure, but the revised complaint has not been signed and thus fails to conform to the requirements of Rule 11, F.R.Civ.P.

For the foregoing reasons, defendant's motion to dismiss the complaint is granted, without prejudice to plaintiff's filing an amended complaint curing the original's defects within 30 days of the filing of this opinion.

IT IS SO ORDERED.