■ STATE OF NEW YORK, Respondent-Appellant, v NEW HAMPSHIRE MERCHANTS INSURANCE COMPANY, INC., Appellant-Respondent, and TRAVELERS INDEMNITY COMPANY, Respondent. — Cross appeals from an order and judgment of the Supreme Court at Special Term (Cholakis, J.), entered May 1, 1981 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability against New Hampshire Merchants Insurance Company, Inc., but dismissed the action against Travelers Indemnity Company. On October 28, 1974, David L. Sinnamon, an employee of the State Department of Correctional Services, was involved in an accident while operating a vehicle in the course of his employment. The vehicle was owned by Albany Truck Rental Service, Inc. (Albany Truck) and leased to the State of New York. Michael Bennekin, a coemployee of Sinnamon and a passenger in the vehicle, was killed in the accident. Following the appointment of an administrator for Bennekin's estate, a wrongful death action was commenced on November 4, 1974 against Sinnamon as driver, Albany Truck as owner, and General Tire and Rubber Company (General Tire) as manufacturer of the vehicle's tires. Since all vehicles owned by Albany Truck were insured by Travelers Indemnity Company (Travelers) and since the State had been required by the terms of its lease agreement to secure additional insurance on any vehicles it rented, which it did through New Hampshire Merchants Insurance Company, Inc. (Merchants), the State requested both Travelers and Merchants to undertake the defense of Sinnamon and to pay any verdict obtained against him. Both companies refused and each disclaimed coverage. The Attorney-General then undertook Sinnamon's defense pursuant to section 17 of the Public Officers Law and successfully moved to dismiss the action against him on the basis of the exclusivity provisions of the Workers' Compensation Law (*Lumpkin v Sinnamon,* Supreme Ct, Albany County, Oct. 13, 1976, Miner, J.). Albany Truck and General Tire then commenced separate third-party actions against Sinnamon. Again, upon motion made by the Attorney-General, these third-party actions against Sinnamon were dismissed pursuant to section 24 of the Correction Law by order entered June 19, 1978, a determination later affirmed by this court (*Lumpkin v Albany Truck Rental Serv.,* 70 AD2d 441). Albany Truck then brought a declaratory judgment action to resolve the question of insurance coverage on the vehicle involved in the accident, joining as defendants both insurance companies, Sinnamon, and the administratrix of Bennekin's estate. Special Term, by order entered August 3, 1979, declared Travelers' coverage to be primary and Merchants' coverage secondary. This court modified a provision of the order which directed that the question of attorneys' fees be factually determined at Trial Term (*Albany Truck Rental Serv. v New Hampshire Merchants Ins. Co.,* 75 AD2d 426). While noting that both insurers had a duty to defend Sinnamon in both the wrongful death and the third-party actions commenced against him, we stated that: "These defenses should have been undertaken by Travelers and Merchants in accordance with their respective primary and secondary coverage status as found by Special Term. * * * It does not appear herein, however, that Sinnamon incurred any attorneys' fees to the Attorney-General. Accordingly, none can be allowed". (*Id.,* at p 432.) The Attorney-General, arguing that its representation of Sinnamon in these actions was caused by the failure of Travelers and Merchants to honor their contractual duty to defend Sinnamon, commenced the instant action against Merchants and Travelers seeking reimbursement for the legal fees incurred in representing Sinnamon. Special Term granted the State summary judgment with respect to liability against its insurance carrier, Merchants, and directed an inquest on the amount of damages. The action was dismissed against Travelers, however, on the ground that there was no contractual relationship between it and the State. Mer-

chants has appealed from the entire order and judgment of Special Term, with the State cross-appealing from that portion which dismissed its action against Travelers. In our view, the order and judgment of Special Term must be modified. This court has already found that both Travelers and Merchants breached their duty to provide a defense for Sinnamon in the original wrongful death action and the subsequent third-party actions brought against him by Albany Truck and General Tire (*Albany Truck Rental Serv. v New Hampshire Merchants Ins. Co., supra,* p 432). In view of this finding, we see no reason for distinguishing, as did Special Term, between the State's ability to recover against Travelers and Merchants on the basis of privity of contract. Both insurers had an independent duty to represent Sinnamon and both are defendants in this action. Accordingly, summary judgment should be granted on the issue of liability in favor of the State against both Merchants and Travelers and a hearing conducted on the amount of damages.[*] Order and judgment modified, on the law, by reversing so much thereof as denied plaintiff's motion for summary judgment on the issue of liability against Travelers Indemnity Company and dismissed the action against Travelers, and motion granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Casey and Yesawich, Jr., JJ., concur.

Mikoll and Levine, JJ., concur in part and dissent in part in the following memorandum by Mikoll, J. Mikoll, J. (concurring in part and dissenting in part). We agree with the result reached by the majority in relation to defendant Merchants. However, in our view, Special Term properly dismissed the State's action against defendant Travelers on the ground there was no privity between the two. Although both insurers had an independent duty to represent Sinnamon, it does not follow that Travelers had any obligation to the State for breach of that duty owed to Sinnamon. Plaintiff was not a named insured under the Travelers policy with Albany Truck as it was with Merchants. The general rule that nonparties to an insurance contract may not sue on the policy unless a contrary result is dictated by statute is applicable here (*Burke v London Guar. & Acc. Co.,* 47 Misc 171, affd 126 App Div 933, affd 199 NY 557; see, also, *Meridian Trading Corp. v National Auto. & Cas. Ins. Co.,* 45 Misc 2d 847). Sinnamon was but a donee beneficiary in connection with the Travelers policy with Albany Truck. The status of the State, in contrast, is that of incidental beneficiary to that contract and it consequently lacks the standing to enforce the promise made to Sinnamon (see *Zweig v Metropolitan Life Ins. Co.,* 73 Misc 2d 93). The order and judgment should be affirmed.

---

[*] The Attorney-General undertook his representation of Sinnamon pursuant to section 17 of the Public Officers Law (L 1971, ch 1104, § 2) following the refusal of both insurers to provide a defense. That section contained permissive language whereby the Attorney-General "may assume control of the representation" of a State employee in any claim arising from the discharge of the employee's duties within the scope of his employment. It is important to note that this case does not involve the Attorney-General's defense of a State employee under the amended version of section 17 of the Public Officers Law (L 1978, ch 466, § 1, eff July 6, 1978), whereby employees sued as a result of their official duties are now entitled to be represented by the Attorney-General upon complying with various procedural requirements (see Public Officers Law, § 17, subds 2, 4, as amd by L 1978, ch 466, § 1).