Dye, J.
In this appeal by our permission, we consider whether New York must give full faith and credit to a foreign judgment, notwithstanding that the underlying claim would not be enforcible in the State.
The plaintiff, a resident of Vermont, has a final judgment against the defendant, a resident of New York, in an action for alienation of her husband’s affections and for criminal conversation. When such judgment could not be collected in Vermont, she commenced this action to enforce it in New York. The defendant, by her answer, interposed a defense based upon all the provisions of article 2-A of the Civil Practice Act, relating to actions against the public policy of the State of New York which, among others, includes actions “ based upon alleged alienation of affections [and] criminal conversation ” (§ 61-a). When issue was joined, plaintiff moved, pursuant to rule 109 of the Buies of Civil Practice, to strike the defense in the answer *615 and for judgment pursuant to rule 112 of the Rules of Civil Practice.[1]
Article 2-A of the Civil Practice Act designates various causes of action which may not be enforced in New York (cf. §§ 61-a to 61-f inclusive) [2] but nowhere does it abolish an action on a judgment rendered in a sister State by a court having jurisdiction of the person and the subject matter.
We do not read the statutory language as used in section 61-d or similar language in relation to enforcement or recovery upon contracts made in respect to claims buttressed in the abolished subject matter (§ 61-f) as including a foreign judgment. We note that when the statute refers to acts done, it speaks only of acts “ done within this state ”. The Legislature could have easily said “ acts done within or without this state ”, had it so intended. While it is true that the statute is to be liberally construed (§ 61-h), it does not mean that the court may read into the statute by implication something that is not mentioned. Statutes in derogation of common law may not be enlarged beyond the clear import of the language used (Leppard v. O’Brien, 225 App. Div. 162, affd. 252 N. Y. 563; Matter of Fischer, 261 App. Div. 252) and no presumption attaches ‘ ‘ unless the enactment is clear and explicit in that direction ’ ’ (People v. Phyfe, 136 N. Y. 554, 558). There is no substance in the argument that the defendant, by her answer, placed herself within the reach of sections 61-d and 61-f. True, the answer says that “ many of the acts alleged therein were alleged to have occurred in the State of New York ”. Such language is meaningless in face of the circumstance that the plaintiff has neither alleged nor defendant admitted that the Vermont judgment is based on transactions which occurred within New York State, nor is there anything in the record indicating that any of the acts actually took place in New York.
*616 Had the Legislature attempted to abolish actions for enforcement of judgments rendered by courts of competent jurisdiction in sister States, it would have incurred the risk of unconstitutionality (U. S. Const., art. IV, § l).[3] The Supreme Court of the United States has from the beginning consistently seen to it that a ‘ ‘ judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced ” (Hampton v. M’Connel, 3 Wheat. [U. S.] 234, 235), which principle is recognized in the Federal statutes (U. S. Rev. Stat., § 905; U. S. Code, tit. 28, § 1738) and has been reiterated in Fauntleroy v. Lum (210 U. S. 230, 237), Morris v. Jones (329 U. S. 545), and followed in numerous cases (cf. Sherrer v. Sherrer, 334 U. S. 343; Milwaukee County v. White Co., 296 U. S. 268).
Because there is a full faith and credit clause, defendant may not a second time challenge the validity of plaintiff’s right which has ripened into a judgment (Magnolia Petroleum Co. v. Hunt, 320 U. S. 430), which is to say that a judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion, even if obtained upon default (Riehle v. Margolies, 279 U. S. 218, 225). “Such a judgment obtained in a sister State is, with exceptions not relevant here, see Williams v. North Carolina, 317 U. S. 287, 294-295, entitled to full faith and credit in another State, though the underlying claim would not be enforced in the State of the forum ” (Morris v. Jones, supra, p. 551; Christmas v. Russell, 5 Wall. [U. S.] 290; Fauntleroy v. Lum, supra; Roche v. McDonald, 275 U. S. 449; Titus v. Wallick, 306 U. S. 282).
It is argued that this is the sort of case where it can be said that the full faith and credit clause is not “ inexorable and unqualified command ” (citing Pink v. A.A.A. Highway Express, 314 U. S. 201, 210). That case is not apt in this setting. There the New York Superintendent of Insurance, as statutory liquidator of an insolvent mutual insurance company organized in New York, sought to recover assessments levied against policy *617 holders resident in Georgia, allegedly dne by reason of their mutual membership. The action was dismissed on demurrer and the Supreme Court affirmed on the ground that the full faith and credit clause could not be used to override the domestic law and policy of Georgia against the enforcement of obligations extrinsically imposed by New York law, a situation quite different from the present situation. Here, the plaintiff is not attempting to enforce in the courts of New York an action for alienation of affections and criminal conversation, which have been abolished in New York but, rather, to enforce a judgment rendered in Vermont as between these parties, which was final and conclusive on the rights litigated. New York cannot retry the case or review as on appeal the Vermont judgment. The tort on which the Vermont action was based was fully merged in the judgment. The judgment became a debt which the defendant was under obligation to pay (Gutta Percha & Rubber Mfg. Co. v. Mayor of City of Houston, 108 N. Y. 276). The present suit, then, is upon an entirely different cause of action from that merged in the judgment (Titus v. Wallick, supra) and may not be called a suit on an action abolished in New York (cf. Fauntleroy v. Lum, supra; Hellstern v. Hellstern, 279 N. Y. 327; Williamsburgh Sav. Bank v. Bernstein, 277 N. Y. 11). When so viewed, it does not contravene New York policy as enunciated in article 2-A of the Civil Practice Act. The answer raises no issues of fact requiring a trial, for the defenses relied on are insufficient as matter of law.
The judgment appealed from is affirmed, with costs.

. The case first came to our court on a direct appeal from Special Term, which we dismissed (308 N. Y. 746). Appellant then went to the Appellate Division, First Department, and they affirmed (1 A D 2d 659), from which affirmance an appeal was taken as of right on an alleged constitutional question which we dismissed (1 N Y 2d 873). The Appellate Division thereafter denied leave to appeal to this court (2 A D 2d 818) and when the motion was renewed in this court we granted (2 N Y 2d 707).

. The actions abolished are those grounded on “alienation of affections, criminal conversation, seduction and breach of contract to marry”.

. “Article IV. Section 1. * * * Full Faith, and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.”