CAROLYN LUMPKIN, as Administratrix of the Estate of MICHAEL L. BENNEKIN, Deceased, Plaintiff, v ALBANY TRUCK RENTAL SERVICE, INC., et al., Defendants. (Action No. 1.)

GENERAL TIRE AND RUBBER COMPANY, Third-Party Plaintiff-Appellant, v DAVID L. SINNAMON, Third-Party Defendant-Respondent. (Third-Party Action No. 1.)

ALBANY TRUCK RENTAL SERVICE, INC., Third-Party Plaintiff-Appellant, v DAVID L. SINNAMON, Third-Party Defendant-Respondent. (Third-Party Action No. 2.)

Third Department, November 15, 1979

## APPEARANCES OF COUNSEL

*Ainsworth, Sullivan, Tracy & Knauf (Michael P. Friedman* of counsel), for General Tire and Rubber Company, third-party plaintiff-appellant.

*Lyons, Pentak, Brown & Tobin (Ernest P. Lyons* of counsel), for Albany Truck Rental Service, Inc., third-party plaintiff-appellant.

*Rosenblum & Leventhal* for Carolyn Lumpkin, plaintiff.

*Robert Abrams, Attorney-General (Franklin K. Breselor, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

HERLIHY, J.

These three related actions arose out of a truck accident which caused the death of plaintiff's decedent. The decedent was a passenger in a truck driven by David L. Sinnamon, originally a defendant and now third-party defendant-respondent in both third-party actions. Both Sinnamon and the decedent were employed by the New York State Department of Correctional Services at the time of the accident, and the accident occurred during the course of their employment.

It is alleged that tires became flat while the truck was proceeding along the highway, causing the truck to overturn. Some of the tires on the truck were manufactured by defendant and third-party plaintiff-appellant General Tire and Rubber Company (General Tire). The tractor hauling the trailer had been rented to the Department of Correctional Services by defendant and third-party plaintiff-appellant Albany Truck Rental Service, Inc. (Albany Truck).

The plaintiff sued General Tire, Albany Truck and Sinnamon to recover damages for personal injuries to the decedent and for wrongful death. Sinnamon moved for and was granted a dismissal of the complaint as to him on the ground that the Workers' Compensation Law precluded recovery. General Tire and Albany Truck then commenced separate third-party actions against Sinnamon, but these two were dismissed on the

ground that section 24 of the Correction Law precludes recovery. Both General Tire and Albany Truck appeal from these dismissals.

The sole issue is whether or not section 24 of the Correction Law (hereinafter referred to as section 24) is a bar to the instant third-party actions seeking indemnity or contribution.

Special Term appropriately concluded that the clear wording of section 24 shows it to be a bar to the instant third-party actions. Section 24 provides as follows:

"1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

"2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state."

Albany Truck contends that because it seeks damages for indemnification or contribution, the claim does not contravene section 24 by seeking "damages out of an act done" by Sinnamon. However, there is nothing in section 24 to indicate that the nature of the cause of action asserted is of any consequence. The statute prohibits any action by anyone other than the Attorney-General against Sinnamon as an employee of the Department of Correctional Services for the accident herein.

As observed in the case of *Zaldin v Concord Hotel* (48 NY2d 107, 113): "[W]hen, as here, a statute is free from ambiguity and its sweep unburdened by qualification or exception, we must do no more and no less than apply the language as it is written (see *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury,* 208 NY 421, 424-425; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 76, 94; 2A Sutherland, Statutory Construction [4th ed], §§ 46.01, 46.04)."

The appellants rely upon a legislative memorandum limiting the statutory intent to protect employees only as to Federal actions, however, they fail to recognize that the memorandum was submitted as to an amendment to section 24 which did not affect subdivision 1 (L 1974, ch 537, § 1).

General Tire submits that the protection of employees of the Department of Correctional Services is a denial of equal protection of the law because other State employees remain liable for negligence in the operation of motor vehicles in the course of their employment. Assuming that General Tire would have standing to raise such an issue, the Legislature could have concluded that Department of Correctional Services employees are more susceptible to the lawsuits than other State workers and that it is impracticable to make some types of lawsuits permissible while proscribing others. Accordingly, General Tire has failed to show that the statutory distinction is without rational foundation (see *Neale v Hayduk,* 35 NY2d 182, 186, app dsmd 420 US 915).

The order should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, without costs.