OPINION OF THE COURT
Arthur D. Spatt, J.
The issue here presented is whether the time which elapses between the date of the submission of a motion and the decision of the court should operate as a toll of the running of the Statute of Limitations. Stated otherwise, is there authority in law or in equity for the “tacking on” of the period of time a decision is sub judice to the ordinary Statute of Limitations time period.
This petition is for an order, pursuant to CPLR 7510, confirming an arbitrator’s award, and, pursuant to CPLR 7514, directing judgment to be entered thereon.
BACKGROUND
In an interim order dated June 17, 1982 (Spatt, J.), the court set forth the facts and contentions of the parties, which need not be here repeated at length. In essence, at issue here is the respondent’s contention that this application is time barred since it was made more than one year after the delivery of the award to petitioner’s attorney (see *685 CPLR 7510, 215, subd 5). It is undisputed that the award was delivered to petitioner’s attorney on or about February 13, 1981 and this petition to confirm was served on March 9, 1982, more than one year thereafter. However, petitioner made a prior motion to confirm, which had been granted by default and resulted in a judgment dated October 16,1981. Respondent moved to vacate this prior default judgment, which motion was submitted on December 17, 1981. The said default judgment was vacated by order dated March 1, 1982 at which time it was too late for petitioner to again move to confirm, unless some rule of law or equity would serve to toll the statute or extend petitioner’s time to move to confirm.
This court in the interim order dated June 17, 1982, stated as follows: “The same day that a copy of the March 1, 1982 order was received by petitioner’s counsel, he initiated the instant proceeding to again attempt to confirm the award.”
Petitioner contends, with justification, that he had to await a determination on the respondent’s motion to vacate the default judgment, and his time to move expired while that decision was sub judice.
In view of the serious consequences to petitioner by the apparent bar of the Statute of Limitations, the unsuccessful efforts of petitioner’s counsel to timely confirm this award, the lack of any intent to abandon this matter and the desire of the court to explore in depth certain legal questions involving this defense, this court directs that counsel for both sides prepare memoranda of law on the following points:
(1) With respect to a possible tolling of the Statute of Limitations, what is the legal effect, if any, of the period of time between the submission of respondent’s motion to vacate the judgment on December 17, 1981 and the issuance of the final order vacating the default judgment on March 1, 1982?
(2) What is the specific nature of the relief described by petitioner’s attorney as “that of equity to remedy the legal defect” in his affirmation in reply dated April 2, 1982?
*686 (3) Are the “saving” provisions of CPLR 205 (subd [a]) applicable to the facts of this case?*
DETERMINATION
A review of petitioner claimant’s memorandum of law reveals no similar cases to the instant one. However, petitioner states that there is “ample precedent” for this court to prevent respondent from invoking the defense of the Statute of Limitations, as follows: (1) the provisions of CPLR 204 through 210; (2) the general principles of the “doctrine of equity”, and (3) the doctrine of equitable estoppel.
The doctrine of equitable estoppel is grounded upon the principle that “a wrongdoer should not be able to take refuge behind the shield of his own wrong” (see General Stencils v Chiappa, 18 NY2d 125, 127). As stated by the United' States Supreme Court in Glus v Brooklyn Eastern Term. (359 US 231, 232-233): “To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.”
The gist of this doctrine is an affirmative wrongdoing or misrepresentation on the part of the party seeking to interpose the defense of the Statute of Limitations. The rule was set forth in the leading case of Simcuski v Saeli (44 NY2d 442, 448-449), as follows: “It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.”
As stated by Judge Wachtler in Bender v New York City Health & Hosps. Corp. (38 NY2d 662, 668), “[t]he equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act.”
Applying these principles to the facts in this case, it is undisputed that respondent made no misrepresentations; did nothing to mislead or deceive the petitioner; did noth *687 ing by commission or omission to lull the petitioner into inactivity; and was under no duty to advise the petitioner’s counsel that her time to confirm the award was expiring while counsel were awaiting a decision on respondent’s motion to vacate the default judgment.
It is unfortunate that, for whatever reason, petitioner’s counsel chose to allow the statutory time to pass without commencing another proceeding. That decision oh the part of the petitioner’s counsel, was not aided or abetted by respondent in any manner.
The court finds appropriate the language in the recent case of Graber v City of New York (NYLJ, July 22, 1982, p 10, col 3) as follows: “We find no merit to plaintiffs’ contention that the city’s demand for examination tolled the Statute of Limitations. (See General Municipal Law, Sec. 50-i, subd 3; Astromovich v Huntington School Dist. No. 3, 80 AD2d 628; Lowinger v. City of New York, 64 AD2d 888; Kratz v Dussault, 33 AD2d 826.) Nor can the plaintiffs claim that the city should be equitably estopped from asserting that the action was time-barred as the plaintiffs made no attempt to preserve action by requesting that the examination be rescheduled for an earlier date. Instead, they erroneously believed the limitations period had been tolled by the demand for an examination. There was, in effect, no conduct on which the plaintiffs could rely to believe the time to commence the instant action had been enlarged. (See Bender v. New York City Health & Hospital Corp., 38 N.Y.2d 662, 668; see, also, Pierson v. City of New York [56 N.Y.2d 950, June 17, 1982].)”
Moreover, the court notes that in making its motion to vacate the default judgment respondent could have waited until the statute expired, but did not do so. Thus, respondent not only did not deceive petitioner but gave her another opportunity to timely move to confirm.
The court has examined petitioner’s other contentions and finds them to be inapplicable with regard to a tolling of the statute or an extension of petitioner’s right to move to confirm. An examination of the provisions of CPLR 204 through 210 reveals no authority for the granting of the relief sought by petitioner. Nor is this the case, in this *688 court’s view, for this court to carve out another exception to the settled Statute of Limitations principles of law.
Accordingly, this petition to confirm the arbitrator’s award and to direct the entry of judgment thereon is untimely and is dismissed.

 This principle of law is not before the court and need not be further discussed.