OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding the guardian ad litem for an infant distributee raises a question concerning the application of EPTL 5-3.2. A hearing was held concerning the issues raised.
The decedent, Neal Ashby, was survived by his wife, Leslie, and three children, Laurel Dann, Lucianne Wickline (issue of a prior marriage) and Caroline Ashby, an infant. The instrument offered for probate is dated April 19, 1983 prior to the decedent’s second marriage and the birth of Caroline.
Article third of the instrument offered for probate provides: "I hereby give and bequeath the sum of one thousand and *414 00/100 ($1,000.00) dollars each, to my daughters, laurel dann and lucí anne wickline, who have been, for their own reasons, of little comfort, companionship or assistance to me in their adulthood.”
The remainder of the estate is divided into three parts: one part to the State of Israel and two parts in trust for the decedent’s grandson, Donovan Wickline. No provision is made for after-horns nor are they excluded. No settlement has been made for Caroline.
EPTL 5-3.2 provides in part:
"(a) Whenever a testator, during his lifetime or after his death, has a child born after the execution of a last will, and dies leaving the after-born child unprovided for by any settlement, and neither provided for nor in any way mentioned in the will, every such child shall succeed to a portion of the testator’s estate as herein provided:
"(1) If the testator has one or more children living when he executes his last will, and:
"(A) No provision is made therein for any such child, an after-born child is not entitled to share in the testator’s estate.
"(B) Provision is made therein for one or more of such children, an after-born child is entitled to share in the testator’s estate as follows:
"(i) The portion of the testator’s estate in which the after-born child may share is limited to the disposition made to children under the will.
"(ii) The after-born child shall receive such share of the testator’s estate, as limited in subparagraph (i), as he would have received had the testator include[d] all after-children with the children upon whom benefits were conferred under the will, and given an equal share of the estate to each such child.”
The guardian ad litem for Caroline takes the position that EPTL 5-3.2 should be applied to provide Caroline with a share of the estate equal to that which she would receive in intestacy, despite the provisions of subdivision (a) (1) (B). He contends that the purported will indicates an alienation of affection between the decedent and his two adult children and that evidence presented at the hearing establishes that the decedent’s feelings towards Caroline were quite different. Thus, it is argued, Caroline’s share in the estate should not be limited by the bequests made to each of the other children.
*415 The guardian ad litem for Donovan Wickline, who receives a sizable share of the estate in trust, asserts that the Legislature took into account the possibility that pursuant to subdivision (a) (1) (B) the share of an after-born might be reduced under the circumstances presented. She argues that the formula set forth in the statute must be implemented regardless of a testator’s motives in limiting bequests to children to less than they would receive in intestacy.
EPTL 5-3.2 and its predecessors were derived from the civil law under which a will was revoked by the birth of offspring (Delafield v Parish, 1 Redf 1; Jarman, Wills, ch VII, § 1).
Section 26 of the Decedent Estate Law preceded EPTL 5-3.2. It was not the purpose of the Decedent Estate Law to require the testator to make a disposition in favor of his children. Rather, the statute sought to prevent inadvertent disinheritance of after-horns (McLean v McLean, 207 NY 365). The statute created a presumption that the disinheritance of an after-born was unintentional. The presumption could be rebutted by: (1) mention of the after-born; (2) provision for the after-born; and (3) settlement on the after-born’s behalf. The same provisions are incorporated in EPTL 5-3.2. However, EPTL 5-3.2 differs from section 26 of the Decedent Estate Law with respect to the share of the estate to which the after-born is entitled. Under section 26 exclusion of an after-born resulted in a partial intestacy and the after-born received an amount equal to his intestate share. EPTL 5-3.2 provides that the after-born is entitled to the amount he would receive had the testator included him with the children upon whom benefits were conferred.
The purpose of the enactment of the change described above was to remedy perceived inequities in the distribution of estates under the prior statute. It was observed, for instance, that under prior law where a testator intended to benefit his wife to the exclusion of his children, the after-born was, nevertheless, entitled to a full intestate share (Fifth Report of Temporary Commn on Estates, 1966 NY Legis Doc No. 19, at 778). EPTL 5-3.2 (a) (1) is described as creating a presumption that the testator intended to treat all of his children equally (Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 5-3.2, at 294).
The statute does not expressly provide for any method of rebutting this presumption by evidence of a contrary intention either in the will or extrinsic to the will. Where a statute is *416 free from ambiguity and its sweep unburdened by qualification or exception it must be applied as written (Zaldin v Concord Hotel, 48 NY2d 107; Lumpkin v Albany Truck Rental Serv., 70 AD2d 441).
A literal reading of EPTL 5-3.2 is consistent with the purpose of the legislation as expressed in the revisers report to the Revised Statutes of New York (notes to part II, ch V, §§47-49, in vol 3 [2d ed], at 632-633) which included section 49, a predecessor to the Decedent Estate Law § 26. The report stated: " 'a valuable service will be rendered the community if those cases in which alone implied revocations may be allowed, shall be defined by legislative authority * * * To leave it to courts of justice, however learned and respectable, to declare in their discretion when implied revocations shall be admitted, is to involve the whole subject in doubt and perplexity’ ” (quoted in Delafield v Parish, supra, at 109).
Thus, the statutory purpose as set forth by the revisers was to permit revocation only in those situations specified in the statute (Delafield v Parish, supra; Fifth Report of Temporary Commn on Estates, 1966 NY Legis Doc No. 19, at 763).
While there is the obvious problem in permitting parol evidence to establish an intention to revoke (see, Matter of Stern, 189 Misc 639) where the statute provides that there is no revocation as a matter of law, it may be argued that where the will itself states that a bequest to children is limited because of ill feelings towards them, the after-born should receive an intestate share. However, this is a matter for determination by the Legislature. The courts must give effect to legislation as it is written not as they or others believe it should be written (Allen v Minskoff 38 NY2d 506; Matter of Rosenthal v Hartnett, 36 NY2d 269).
Accordingly, the court finds an implied revocation pursuant to EPTL 5-3.2 to the extent that Caroline is entitled to one third of the $2,000 bequeathed to the decedent’s two adult children.
This decision will be forwarded to the Law Revision Commission for consideration of possible remedial legislation.