Thomas **BROWN,** Plaintiff,

v.

Christopher **SHERIDAN,** as personal representative of the Estate of Dr. Donald Sheridan; Physician's Assistant Jay Belkin; Sergeant Terry Cayea; Correction Officers Brent J. Garrow, Shane Muller, Richard Frenyea, Timothy Kent; Forensic Unit Chief Wayne Crosier; Dr. William Kanar; Correction Officer Randall Lodge, in their individual capacities, Defendants.

No. 88–CV–1330.

United States District Court, N.D. New York.

Sept. 13, 1993.

Prisoner's Legal Services, Plattsburg, NY (Mark F. Kennedy, of counsel), for plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., Dept. of Law, Albany, NY (David B. Roberts, Asst. Atty. Gen., of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

McAVOY, Chief Judge.

This matter was referred to the Hon. David N. Hurd, United States Magistrate Judge for a report and recommendation pursuant to an order dated November 7, 1991. Magistrate Judge Hurd has reviewed the defendants' motion for partial summary judgement and dismissal of all pendant state law claims filed on November 20, 1991. Magistrate Judge Hurd has recommended that the motion for partial summary judgement be denied, and has further recommended that the plaintiff's pendant state law claims be dismissed against all but two of the defendants. The defendants have filed objections to the magistrate judge's recommendation and the plaintiff has filed a memorandum in opposition to defendants' objections. After examination, the court finds the objections to the report-recommendation to be without merit.

## I. DISCUSSION

Summary judgement is only appropriately granted when the moving party shows an absence of genuine issue of material fact. Fed.R.Civ.P. 56. The court must view all material in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 154–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Inferences to be drawn from the facts must be also be construed in a light most favorable to the opposing party. *Adickes*, at 158–59, 90 S.Ct. at 1609, *quoting United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When the moving party has met its burden the nonmovant must present specific facts indicating that a genuine issue of material fact exists for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## A. Summary Judgement for Defendants Crosier and Kanar

The magistrate judge's report-recommendation found that the plaintiff's December 14, 1990 affidavit contains "newly discovered" evidence, previously unavailable to the plaintiff, which should be considered in the decision to grant summary judgement. (See Report Rec. at 4–5). In his amended complaint, plaintiff was able to name a member of the mental health staff to whom he allegedly made a complaint about his medical condition. Magistrate Judge Hurd found that the information calls into question the issue of whether the plaintiff refused to speak to *any* of the mental health staff between December 22 and 29, 1987, and thus develops a material issue of fact which precludes summary judgement in favor of the mental health staff defendants.

In objections to the report-recommendation, defendants do not question the recommendation of denial of summary judgement to defendant Belkin. However, defendants submit that summary judgement should be granted in favor of defendants Crosier and Kanar. Defendants base their objection on the contention that the plaintiff's affidavit of December 14, 1990 does not create any material issue of fact that would prevent the granting of summary judgement. Defendants extend essentially the same argument as they did in their summary judgement motion. This line of reasoning has been fully addressed in Magistrate Judge Hurd's report-recommendation. Thus, no new meritorious objections have been raised.

## B. Summary Judgement for the Estate of Dr. Sheridan

█ Magistrate Judge Hurd found in his report-recommendation that the question of whether Dr. Sheridan was personally involved with the plaintiff's care or whether he was being sued on a respondeat superior basis remains unresolved. Defendants claim in their objections that this finding is erroneous. They note that the plaintiff has not shown any evidence that Dr. Sheridan was personally involved with the plaintiff, and therefore, summary judgement should be granted for Dr. Sheridan's estate.

However, several items in the deposition of defendant Belkin and Dr. Sheridan's answers to interrogatories call into question Dr. Sheridan's role in the care of the plaintiff. Furthermore, personal involvement in the case by Dr. Sheridan need not be based on actual medical treatment or a failure to treat. Although liability under § 1983 cannot be based on the theory of respondeat superior, personal involvement may be based on the supervisory role of the defendant. Personal involvement may include: (1) direct participation in the offense; (2) the failure of a supervisory official to remedy the wrong upon learning of it; (3) the creation, by a supervisory official, of a custom or policy under which constitutional violations occur; or, (4) the gross negligence of a supervisory official in managing subordinates who cause constitutional violations. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986). Questions as to the personal involvement of Dr. Sheridan in several of these capacities still remain, and thus summary judgement in favor of Dr. Sheridan's estate is inappropriate.

## C. Dismissal of Pendant State Claims

In his report-recommendation, the magistrate-judge agreed with defendants as to the application of § 24(1) of the Correction Law, thus barring the suit against the Department of Corrections employees in their individual capacities. Therefore, he dismissed the pendant state law claims against defendants Cayea, Garrow, Muller, Frenyea, Kent Belkin, Lodge, and the estate of Dr. Sheridan because they were employed by the Department of Corrections. On the other hand, since defendants Crosier and Kanar were employees of the Office of Mental Health and not the Department of Corrections, the pendant state claims against them were not dismissed.

In objection to the report-recommendation the defendants resubmit their earlier argument that the suit is time barred by CPLR § 214–a in relation to defendants Crosier and Kanar. However, defendants' reliance on *Afrika v. Selsky*, 750 F.Supp. 595 (S.D.N.Y. 1990) is misplaced. In *Afrika* the plaintiff knew the identity of all the defendants at the time of his original complaint yet he did not include a number of them until the time of his amended complaint, after the statute of limitations had run. The court held that the plaintiff was actually raising new legal arguments against additional defendants which were time-barred. *Afrika*, at 599.

However, in the case at hand, the plaintiff did not know the identities of all the defendants at the time of his original complaint. Realizing this, the plaintiff referred to the unidentified defendants as "John Doe(s)" until they could later be named. This situation, as noted in the magistrate judge's report-recommendation, is analogous to that presented in *Morrison v. Lefevre*, 592 F.Supp. 1052 (S.D.N.Y.1984) in which the plaintiff, in his amended complaint, substituted the proper defendants for those listed in the original complaint.

The amended complaint in *Morrison* dropped one defendant and added fourteen others who had not been previously mentioned, and the court allowed it to relate back to the date of the original complaint. The court allowed the substitution to relate back to the original complaint even though the statute of limitations had run, and found that the new defendants had constructive notice of the suit which satisfied Fed.R.Civ.P. 15(c) because both the old and new defendants were represented by the same attorneys.

The plaintiff in the current case has made similar changes. Plaintiff has merely substituted the names of Wayne Crosier and William Kanar for the "John Doe(s)" already listed as defendants in the original complaint. The "John Doe(s)" of the original complaint had been described as members of the "medical personnel employed by the Department of Correctional Services and/or the Office of Mental Health" who "failed to treat the plaintiff." (Original Comp. at ¶ 6–7). All defendants are represented by the same attorney, and thus the new defendants had constructive notice of the suit, especially since it was known that "medical personnel" were to be later specified as defendants. Wayne Crosier and William Kanar fit the previous description of the "John Doe(s)" and thus their inclusion as defendants relates back to the original complaint under the guidelines of Fed.R.Civ.P. 15(c). Defen-

dants' objection that the pendant state claim against Crosier and Kanar is barred by the statute of limitations is not meritorious.

## II. CONCLUSION

This court has determined that the magistrate judge's recommendation is not subject to attack for plain error or manifest injustice. The defendants have not raised any new meritorious objections. Therefore, this court adopts the magistrate judge's Report–Recommendation of June 19, 1992 for the above reasons and within the Report–Recommendation itself.

Thus, it is hereby

**ORDERED** that the motion for summary judgement in favor of defendants Belkin, Crosier, Kanar, and the estate of Dr. Sheridan be **denied,** and

**ORDERED** that dismissal of the pendant state claims against defendants Cayea, Garrow, Muller, Frenye, Kent, Belkin, Lodge, and the estate of Dr. Sheridan be **granted,** and it is further

**ORDERED** that dismissal of the pendant state claims against defendants Crosier and Kanar be **denied.**