OPINION OF THE COURT
Kristin Booth Glen, J.
Petitioner Mendel Gersten (Gersten) petitions, pursuant to CPLR 7510, to confirm a master arbitrator’s no-fault arbitration award. Respondent American Transit Insurance Company (American Transit or the insurer) opposes confirmation of the award but has not cross-petitioned to vacate or modify the award. The petition raises a question of apparent first impression concerning the effect of commencement and abandonment of a de nova judicial review by an insurer on the underlying arbitration award. To determine this issue, however, it is first necessary to review the facts and procedural posture of the petition.
FACTUAL AND PROCEDURAL HISTORY
Gersten was injured in a 1986 automobile accident. When American Transit failed to pay Gersten’s claim the parties proceeded to arbitration. The arbitrator awarded Gersten $20,000 for lost earnings due to injuries he sustained in the accident, together with attorney’s fees and interest. On August 3, 1989 the master arbitrator affirmed the award. The award was delivered by mail on August 24, 1989.[1] On November 20, 1989, American Transit timely sought to exercise its right to adjudicate the dispute de nova,[2] and commenced an action against Gersten by serving him with a summons and complaint. Following joinder of issue, however, American *59 Transit failed to prosecute the action. After nearly three years passed, Gersten served a 90-day notice pursuant to CPLR 3216, demanding resumption of prosecution and the filing of a note of issue. In July of 1993, Justice Lehner dismissed the action for lack of prosecution, and left open the question of whether Gersten was entitled to no-fault benefits. (American Tr. Ins. Co. v Gersten, index No. 110281/93, Sup Ct, NY County, July 2, 1993.) The following month Gersten commenced this proceeding to confirm the master arbitrator’s award.
American Transit opposes confirmation, arguing that because the de nova action eliminated the arbitration award, there is no award to confirm. Alternatively, it argues that, even assuming the arbitration award still exists after a de nova action is commenced, the petition to confirm, made almost three years after delivery of the award, is now barred by the one-year Statute of Limitations imposed by CPLR 215 (5).
Gersten asserts that since the de nova action was dismissed without the court reaching its merits, the action did not eliminate the arbitration award. He argues that the effect of the de nova action was to toll the Statute of Limitations. Thus, the substantive issue here is what effect, if any, a de nova action, that is properly commenced but subsequently dismissed for lack of prosecution, has on the underlying arbitration award.
THE EFFECT OF DE NOVO ACTION ON ARBITRATION AWARD
A review of the relevant statutory and case law reveals no clear answer regarding the effect on an arbitration award of commencement and subsequent abandonment by an insurer of a de nova court action. Insurance Law § 5106 (c) provides, in relevant part: "The award of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator’s award is five thousand dollars or greater, exclusive of interest and attorney’s fees, the insurer or the claimant may institute a court action to adjudicate the dispute de nova.”
The de nova court action is a " 'plenary judicial adjudication.’ ” (Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573, 577 [1987], citing Matter of Petrofsky [Allstate Ins. Co.] 54 NY2d 207, 210 [1987].) What form this litigation takes *60 when it is the insurer who seeks to adjudicate the dispute de nova is unclear. There is some authority which suggests that the insurer commences a declaratory judgment action seeking a declaration that the insured is not entitled to no-fault benefits. (See, e.g., State Farm Mut. Auto. Ins. Co. v Becker, 118 Misc 2d 806 [Sup Ct, Nassau County 1983].)
However, none of the cases address what results if the de nova action does not proceed to judgment. In the absence of clear statutory or case law authority, this question must be resolved in a manner that is consistent with the purposes and development of the statutory scheme (Comprehensive Automobile Insurance Reparations, Insurance Law art 51) (the No-Fault Law).
Although the No-Fault Law lacks a formal legislative history, and is otherwise silent as to its purpose (see, Taber v Niagara Frontier Tr. Auth., 101 Misc 2d 92, 94 [Sup Ct, Erie County 1979]), among its commonly accepted goals are: (1) to assure prompt claims payment; (2) to reduce the caseload of the courts (see, Pascente v Stoyle, 116 Misc 2d 641 [Rochester City Ct 1982]; Governor’s Mem approving L 1973, ch 13, 1973 NY Legis Ann, at 298); and (3) to reduce the costs of automobile liability insurance (see, Montgomery v Daniels, 38 NY2d 41, 62 [1975]).
In view of these objectives, and in the interest of safeguarding the arbitration process, American Transit’s arguments must be rejected. There is no authority to support American Transit’s arguments that (1) mere commencement of an action to adjudicate the dispute de nova eliminates the underlying award permanently, or (2) that regardless of which party initiates the de nova action the insured bears the burden of prosecuting it.
American Transit states that "by definition, the effect of a de nova action is to eliminate the arbitration award * * * [it] ceases to exist.” This assertion has some merit, particularly where an action is commenced in good faith and prosecuted to its conclusion. From this flows the presumption that commencing a de nova action eliminates the underlying award because the parties are in essence starting anew and a superseding resolution will result. If a judgment on the merits does result, the arbitration award is eliminated and the judgment replaces the award. Since the de nova action here did not result in a judgment which replaces the arbitration award, however, the award is revived.
*61 American Transit’s entitlement to plenary judicial determination of the dispute is clear. However, to avail itself of this right, and the benefit of eliminating the arbitration award that it considered unfavorable, American Transit was required to prosecute the action to judgment or, in the alternative, to reach a settlement with Gersten. American Transit’s reasoning that it is the claimant who is seeking benefits in the de nova action while the insurer is defending its denial of the benefits does not transfer the burden to prosecute the action from the plaintiff insurer to the defendant insured. The duty of prosecuting an action rests on the one who brings it. (See, Sortino v Fisher, 20 AD2d 25, 30 [1st Dept 1963].)
It has long been recognized that "the 'no-fault law’ is in derogation of the common law and it is a firmly established principle of law that statutes in derogation of the common law are to be strictly construed and the common law is never abrogated by implication. In short, the common law must be held to be no further abrogated than the clear import of the language used in the statute absolutely requires.” (Scarpelli v Marshall, 92 Misc 2d 244, 247 [Sup Ct, Nassau County 1977]; McKinney’s Cons Laws of NY, Book 1, Statutes § 301.) As the Third Department has pointed out: " 'the Legislature is not lightly to be charged with enacting a statute which will operate harshly or unjustly; and, if a statute apparently has such effect, some other construction is to be sought, if possible.’ ” (Matter of Granger v Urda, 54 AD2d 377, 380 [3d Dept 1976], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 146.)
There is no indication, in the statutory language or history of the No-Fault Law, that the requirement that plaintiffs prosecute their actions should be disregarded here. Nor is it harsh or unjust to require the party who initiates a de nova action to prosecute it, even where the initiating party is the insurer. To the contrary, it is in keeping with the public policy of the no-fault scheme to require the party dissatisfied with the arbitration award to have the burden of commencing and prosecuting the de nova action.
Further, requiring insurers to prosecute de nova actions they bring does not operate contrarily to the common law. It neither gives insurers a benefit beyond that which the Legislature clearly intended, nor unjustly burdens insurers or claimants (see, Scinta v Kazmierczac, 59 AD2d 313, 316 [4th Dept 1977] [stating that the purpose of the No-Fault Law is to make *62 whole an injured party not provide him with a windfall]; Pascente v Stoyle, supra, at 643 [adding that the No-Fault Law was not designed to provide insurance companies a windfall]). In addition, it would greatly undermine the legislative intent of the No-Fault Law to permit commencement and then abandonment of a de nova action and interpret the mere commencement as the event which eliminates the arbitration award. This would remove the insurer’s incentive to prosecute the action to conclusion, and would deprive the claimant of a prompt and fair resolution of the claim. I hold, therefore, that a dismissal for failure to prosecute the de nova action operates to revive the arbitration award.
ONE-YEAR STATUTE OF LIMITATIONS
Whether the arbitration award may now be confirmed depends on the effect of the one-year Statute of Limitations for confirmation. CPLR 7510 provides that "[t]he court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511.” American Transit urges that confirmation is now barred because the de nova action did not toll the Statute of Limitations, and Gersten could have applied for confirmation within the year following the award’s delivery despite the pending de nova action. Gersten asserts that this application is timely as he was prohibited from making the application until disposition of the de nova action.
Both parties rely on Matter of Capuano v Allstate Ins. Co. (122 AD2d 138 [2d Dept 1986]) in support of their arguments. In Capuano, the claimant, in a separate proceeding, secured confirmation of an arbitration award on default while the insurer was seeking to adjudicate the dispute de nova. The Appellate Division, Second Department, vacated the confirmation and held the confirmation application in "abeyance pending disposition of the [de nova] action.” (Supra, at 138.) Thus it would have been futile for Gersten to make application to confirm the award when it was not yet ripe for review, merely to have it held in abeyance. Furthermore, from the standpoint of judicial economy, it makes no sense to require a litigant to move to confirm an award, solely to protect against a party failing to prosecute a de nova action in good faith.
*63 American Transit also argues that the courts have strictly interpreted the one-year Statute of Limitations. (See, Matter of Daly v Criterion Ins. Co., 115 Misc 2d 684 [Sup Ct, Nassau County 1982] [holding that the Statute of Limitations is not tolled for the time which elapses between the date of the submission of a motion for confirmation and the court’s decision]; Elliot v Green Bus Lines, 58 NY2d 76 [1983] [holding that the toll for infancy prescribed in CPLR 208 does not apply to an application pursuant to CPLR 7510 because, although section 7512 authorizes extensions of the one-year period for death and incompetency no comparable provision is included for infancy].) However, in neither of those cases were the parties operating under a presumption, as the parties are here, that the arbitration award had been eliminated and would be replaced with a judgment on the action.
American Transit’s contention that "[tjhere was nothing to prevent the Petitioner from seeking to confirm the award within the one year period” is disingenuous. Since, as noted above, most de nova actions will result in a judgment or settlement, requiring parties to move for confirmation where a de nova action has been commenced would be an exercise in futility. Thus, although an arbitration award is presumed to be dormant while the de nova action is pending, it is revived when that action is dismissed for failure to prosecute or other similar basis not on the merits. Therefore, because a motion to confirm a dormant arbitration award while the de nova action is pending would, at best, be held in abeyance, or denied without prejudice as premature, the nearly four years of time that elapsed between the commencement and dismissal of the de nova action should not be calculated in determining the one-year Statute of Limitations. Not counting that time against Gersten brings his confirmation application to this court well within the one-year Statute of Limitations.
CONCLUSION
Accordingly, the arbitration award to Gersten of $20,000 for lost wages, $350 for attorney’s fees, and interest on the first-party benefits is confirmed.
Settle judgment providing for amount of interest.

. 11 NYCRR 65.18 (e) (3) provides that the effective date of delivery is the date of mailing and that the American'Arbitration Association shall note on the award the date of its mailing. August 24, 1989 was the date noted on the master arbitrator’s award.

. Having received an award by the master arbitrator in excess of $5,000 both parties had the option of instituting a court action to adjudicate the dispute de nova. (Insurance Law § 5106 [c].) Read together, 11 NYCRR 65.18 (i) (2) and CPLR 7511 allow parties 90 days from delivery of the master arbitrator’s award to commence an action to adjudicate the dispute de nova.