■ LMWT REALTY CORP., Doing Business as TRIANGLE REALTY, Respondent, v DAVIS AGENCY INC. et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. CITY OF NEW YORK, Appellant. [614 NYS2d 16] —Order, Supreme Court, New York County (Alfred Toker, J.), entered May 14, 1993, which, in relevant part, granted plaintiff's motion to withdraw $44,620.13, plus one-third of the interest, from an escrow account for the purpose of paying its attorneys' fees and expenses, unanimously affirmed, without costs.

The City of New York, the municipal lienholder, asserts a lienholder's priority to the entirety of the fire insurance proceeds obtained from the insurer through a settlement of the action against it. Notwithstanding that the efforts of plaintiff's counsel are largely responsible for the existence of the settlement funds, the City insists that its right to the money supersedes that of the attorneys' charging lien. However, none of the statutes relied upon by the City (Insurance Law § 331; General Municipal Law § 22; Administrative Code of City of NY § 11-2801), either by their language or legislative history, support the proposition urged by the City, and a long established statutory and common-law rule (Judiciary Law § 475; Robinson v Rogers, 237 NY 467) cannot be abrogated merely by implication.

In the event that the City's position were to prevail, the effect would be to deprive attorneys of any incentive to accept a case in which a fire insurance company refuses to pay on the policy, a not infrequent occurrence, since the attorney could not be assured of payment. Such a result would not be in the interests of the municipality and would be contrary to public policy (see, Hoke v Ortiz, 83 NY2d 323, 332). Concur—

Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.