James BROWN, Plaintiff,

v.

Thomas COUGHLIN, III, Commissioner of the New York State Department of Correctional Services, et al., individually and in their official capacities, Defendants.

No. 87 Civ. 1326 (LAK).

United States District Court, S.D. New York.

Nov. 29, 1994.

Elizabeth L. Koob, Koob & Magoolaghan, Yonkers, NY, for plaintiff.

Ronald Turbin, Barbara P. Demchuk, Asst. Attys. Gen., G. Oliver Koppell, Atty. Gen. of the State of N.Y., New York City, for defendants.

### OPINION

KAPLAN, District Judge.

Defendant Anthony Forte moves for reargument, seeking dismissal of plaintiff's pendent state law claims against him. The previous decision is reported at *Brown v. Coughlin*, 758 F.Supp. 876 (S.D.N.Y.1991) ("*Brown I*"). The motion for reargument is granted. On reargument, the state law claims against Dr. Forte in his official capacity are dismissed on consent; the motion to dismiss the individual capacity state law claims is denied.

Plaintiff, James Brown, brought this action against present and former officials of the New York City Departments of Corrections and Health, the New York City Health and Hospitals Corporation, the Kings County Hospital Center, and the New York State Department of Correctional Services ("DOCS"), as well as former Mayor Edward I. Koch. He claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and that he was the victim of medical malpractice while first in City and then State custody. He brings his federal constitutional claim under 42 U.S.C.

§ 1983 and invokes the supplemental jurisdiction of the Court over his state law claims. The New York City defendants have settled. The remaining defendants are retired State Corrections Commissioner Coughlin, Stephen Dalsheim, Superintendent of the Downstate Correctional Facility ("DCF"), and Dr. Forte, former medical director at DCF and now medical director at another DOCS institution.

The crux of this motion is the effect of Section 24 of the New York Correction Law on the pendent malpractice claim. It currently provides in pertinent part:

"1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department [DOCS], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

"2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state." N.Y.Corr.L. § 24 (McKinney 1987).

Dr. Forte argues that Section 24 deprives this Court of subject matter jurisdiction over the pendent state law individual capacity claims. Put another way, he argues that Section 24 eliminated any state law claim that otherwise might have existed against him in his individual capacity.

Plaintiff counters that the Supremacy Clause of the United States Constitution prevents the states from affecting the jurisdiction of the federal courts. More basically, he contends that Section 24 neither affects the jurisdiction of this Court nor abrogates the individual capacity claims here at issue.

## Discussion

In considering this motion, it is useful to note that there is a certain amount of confusion as a result of *Brown I,* where Dr. Forte and the State defendants made the same argument based on Section 24 of the Corrections Law that they now assert here. The Court summarized the argument and then wrote:

"Although state claims may fall as against the persons of the state defendants, the claims must survive as against the defendants in their official capacities. According to the state defendants, state law provides that the only valid claims in the instant matter are and must be asserted against New York State and because the State of New York is not physically named in the caption, showing that the State is being sued, the state claims must fall. This argument defies logic. If viewed in a vacuum, as the state defendants present the argument, then Brown would have no forum in which to bring his state claim except in the New York Court of Claims. I disagree.

"It is axiomatic that the Eleventh Amendment prohibits suits against the state being brought in Federal Court. [citation omitted] Therefore, *pro forma,* the way in which state plaintiffs circumscribe the problem is by naming representative state officials as individuals and/or in their official capacities for state claims pendent to federal claims. Otherwise, a plaintiff under 42 U.S.C. § 1983 would be absolutely precluded from bringing state claims into the federal court, thereby thwarting notions of judicial economy and timely resolutions. [citation omitted] That Brown's counsel chose to forego suit in the Court of Claims, instead annexing them as pendent to the federal claims at bar, is not a tactical error and in no way affects my ability to retain jurisdiction over the state claim as long as the federal claims survive." *Brown I,* 758 F.Supp. at 886–87.

In the concluding paragraph of the opinion, however, the Court stated:

"Insofar as the complaint claims individual liability of the persons of the defendants, the case survives pending Brown's response to interrogatories. Also, the complaint survives in all other respects against all of the remaining defendants in their individual and official capacities." *Id.* at 889.

Just where this left the state law claims against the State defendants was not entirely clear. In his motion for reargument, Dr. Forte contended that *Brown I* "denied the dismissal of pendent state law claims against" him.[1] In a subsequent filing, he appears to read *Brown I* to exactly the opposite effect.[2] Plaintiff reads the decision as sustaining the individual capacity claims, but not the official capacity claims.[3]

At this point, plaintiff has consented to the dismissal of the state law claims brought against Dr. Forte in his official capacity. Hence, the only question requiring resolution is whether Section 24 of the Correction Law precludes a federal court from considering a pendent state law tort claim against a DOCS employee in his individual capacity.

Insofar as Section 24 of the Corrections Law deals with jurisdiction, it provides only that no civil action arising out of the official actions of a DOCS official or employee may be brought "in any court of the state" against the official or employee in his or her individual capacity except by the Attorney General on behalf of the State. Any such claim must be brought against the State in the New York Court of Claims. The statute thus does not purport to affect the jurisdiction of the federal courts.[4] *See* 28 U.S.C. § 1367. Hence, the individual capacity claim against Dr. Forte is within this Court's supplemental jurisdiction in light of the assertion that he inflicted cruel and unusual punishment on Mr. Brown through deliberate indifference to his serious medical needs.

We turn, then, to Dr. Forte's contention that Section 24 abrogated the common law claims asserted against him in his individual capacity.

Section 24 does not expressly abrogate such claims. Subdivision 1 provides that such claims may not be brought "in any court of the state," and subdivision 2 goes on to provide an alternate remedy in the State Court of Claims. But neither subdivision refers to individual capacity claims in federal courts. If we were to read the statute as abrogating individual capacity common law claims against DOCS employees, irrespective of the forum in which they are brought, the words "of the state" in subdivision 1 would be rendered meaningless, which would violate the principle that statutes are to be read in a manner that gives effect to all of their parts if that is reasonably possible.[5] Moreover, the state law causes against Dr. Forte are common law negligence and malpractice claims. Since statutes in derogation of the common law are to be construed strictly, and the common law is never abrogated by implication,[6] the language of Section 24 cannot be construed as Dr. Forte argues.

*Parker v. Hoefer,* 2 N.Y.2d 612, 162 N.Y.S.2d 13, 142 N.E.2d 194 (1957), illustrates the point. The Legislature had expressly abolished common law actions based

---

1. Defendant Dr. Forte's Memorandum of Law In Support of His Motion to Reargue that the Pendent State Law Claims Against Him Should Be Dismissed, Oct. 1994, at 2.

2. Supplemental Memorandum of Law for Defendant Dr. Anthony Forte in Support of Dismissal of the Pendent Claims, Nov. 23, 1994, at 3 n. 1.

3. Plaintiff's Memorandum of Law in Opposition to Defendant Forte's Motion to Reargue, Nov. 7, 1994, at 5.

4. Subdivision 2 of Section 24, if read without regard to subdivision 1, literally provides that any claim of the sort here at issue must be brought against the State in the New York Court of Claims and thus might be construed to attempt to oust the federal courts of jurisdiction over such claims. Subdivision 2, however, cannot properly be read in isolation. *See, e.g.,* N.Y.Stat. § 97 (McKinney 1971); *Heard v. Cuomo,* 80 N.Y.2d 684, 689, 594 N.Y.S.2d 675, 677, 610 N.E.2d 348, 350 (1993); *Ivey v. State,* 80 N.Y.2d 474, 480, 591 N.Y.S.2d 969, 972, 606 N.E.2d 1360, 1363 (1992). Read together, they yield no such construction.

5. *See, e.g.,* N.Y.Stat. §§ 98, subd. a, 231 (McKinney 1971); *Heard v. Cuomo,* 80 N.Y.2d 684, 689, 594 N.Y.S.2d 675, 677, 610 N.E.2d 348, 350 (1993); *Ivey v. State,* 80 N.Y.2d 474, 480, 591 N.Y.S.2d 969, 972, 606 N.E.2d 1360, 1363 (1992).

6. N.Y.Stat. § 301 (McKinney 1971); *Parker v. Hoefer,* 2 N.Y.2d 612, 615–16, 162 N.Y.S.2d 13, 15–16, 142 N.E.2d 194 (1957); *LMWT Corp. v. Davis,* 205 A.D.2d 479, 614 N.Y.S.2d 16 (1st Dept.1994); *Seideman by Seideman v. County of Monroe,* 185 A.D.2d 640, 585 N.Y.S.2d 909, 910 (4th Dept.1992); *Gersten v. Am. Transit Ins. Co.,* 161 Misc.2d 57, 60, 613 N.Y.S.2d 555, 557 (Sup. Ct.N.Y.Co.1994); *see also* N.Y.Stat. § 311.

upon alienation of affections and criminal conversation based on acts "done within this state." The plaintiff brought suit in New York on a Vermont judgment for alienation of affections and criminal conversation, and the defendant pleaded the New York statute in defense. But the Court of Appeals held that the abolition of the common law actions based on acts "done within this state" did not render the Vermont judgment unenforceable. It wrote:

"We note that when the statute refers to acts done, it speaks only of acts 'done within this state'. The Legislature could have easily said 'acts done within or without this state', had it so intended. While it is true that the statute is to be liberally construed (§ 61–h) it does not mean that the court may read into the statute by implication something that is not mentioned. Statutes in derogation of common law may not be enlarged beyond the clear import of the language used [citations omitted] and no presumption attaches 'unless the enactment is clear and explicit in that direction' (*People v. Phyfe*, 136 N.Y. 554, 558, 32 N.E. 978, 979, 19 L.R.A. 141)." 2 N.Y.2d at 615, 162 N.Y.S.2d at 15, 142 N.E.2d at 196.

While the *Parker* court no doubt was influenced by the full faith and credit problem that a contrary reading of the statute would have created, the principle it articulated was been applied broadly by New York courts in construing New York statutes. *E.g.*, note 6, *supra*. And that principle is fully applicable here. If the Legislature had meant to abolish common law causes of action against DOCS employees, irrespective of the forum in which they were brought, it could simply have omitted the words "of the state" in subdivision 1. Reading the statute as Dr. Forte suggests not only would ignore those words, but run afoul of the established principle that the common law is not abrogated by implication. Accordingly, we believe Section 24 means only that individual capacity claims against DOCS employees may not be brought in the State courts. It does not purport to affect the availability of such claims if brought in the federal courts.

The cases cited on behalf of Dr. Forte require no different result.

Dr. Forte relies principally on *Arteaga v. State*, 72 N.Y.2d 212, 532 N.Y.S.2d 57, 527 N.E.2d 1194 (1988). The issue there was whether the State was immune from suit on a claim that DOCS employees improperly commenced and conducted disciplinary proceedings against inmates. A sharply divided Court of Appeals in essence extended, in the circumstances at issue, the official immunity enjoyed by state officials for discretionary, quasi-judicial actions to the State itself. The decision touched on Correction Law § 24 only in rejecting the claimants' argument that the majority's decision would leave inmates without any remedy for unlawful actions by DOCS employees. It commented in passing that "although inmates are precluded by statute from suing Correction Department employees in their personal capacity in State courts [citations omitted], they may ... bring actions in Federal court pursuant to 42 U.S.C. § 1983 where correction officers have violated their constitutional rights." 72 N.Y.2d at 221, 532 N.Y.S.2d at 62, 527 N.E.2d at 1199. The Court of Appeals thus did not say that personal capacity suits are precluded in federal court.[7] And given the fact that the issue was not presented in the case, we do not believe that the failure to mention such claims in referring to the federal Section 1983 remedy implied that the Court of Appeals regarded such claims as unavailable.

Nor is *Cepeda v. Coughlin*, 128 A.D.2d 995, 513 N.Y.S.2d 528 (3d Dept.1987), helpful to Dr. Forte. That was a Section 1983 case commenced in the State courts against a

---

7. The dissent stated that Section 24 "forecloses inmate suits against the officers completely ..." 72 N.Y.2d at 218, 532 N.Y.S.2d at 67, 527 N.E.2d at 1204. While Dr. Forte reads this comment as indicating a view that Section 24 forecloses any action against a DOCS employee in either federal or state court, that reading is untenable. For one thing, the issue of the effect of Section 24 on federal court actions was not presented in *Arteaga*. For another, we must assume that the *Arteaga* dissenters understood that the State of New York may not preclude consideration by federal courts of federal claims by state prisoners. The reading Dr. Forte espouses, however, would attribute precisely that view to the dissent.

number of DOCS officers and employees. The Third Department held that Supreme Court correctly dismissed for lack of subject matter jurisdiction because Section 24 of the Correction Law precluded individual capacity suits in the *State* courts. It observed also that the plaintiffs were free to "pursue their claim in Federal court." But it expressed no view on the question here presented.[8]

*Lumpkin v. Albany Truck Rental Services, Inc.*, 70 A.D.2d 441, 421 N.Y.S.2d 714 (3d Dept.1979), is of no help to Dr. Forte either. While the opinion contains some broad language, the issue presented was whether defendants in a motor vehicle accident case could implead a DOCS employee who was driving a DOCS vehicle that also was involved in the accident. The Third Department held only that Section 24 precluded the third party action against the DOCS employee. It certainly intended no comment on the question before the Court in this case.

Finally, we are unpersuaded by the federal cases cited on behalf of Dr. Forte.[9] *Parker* assumed without discussion that the preclusion of individual capacity damage suits in State court applied as well to federal courts. *Holmes* made the same assumption and then asserted that state-based individual capacity claims brought against correctional officers in any forum other than the New York Court of Claims would be barred by the Eleventh Amendment, which is manifestly incorrect.[10] *Brown* did not deal with the issue at all, simply mentioning a ruling by a Magistrate Judge from which no appeal was taken on this ground.

Were there any doubt that Dr. Forte's construction of Section 24 is incorrect, that doubt would be removed by the legislative history of the statute. Section 24 was enacted in 1972 and initially provided in pertinent part as follows:

"1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising our of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

"2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

"3. The state shall save harmless and indemnify any officer or employee of the department from financial loss resulting from a claim filed in *a court of the United States* for damages arising out of an act done or the failure to perform any act that was (a) within the scope of the employment and in the discharge of the duties of such officer or employee, and (b) not done or omitted with the intent to violate any rule or regulation of the department omitted with the intent to violate any rule or regulation of the department or of any statute or governing case law of the state or of the United States at the time the damages were sustained, provided that the officer or employee shall comply with the provisions of subdivision four of this section."

---

8. Contrary to the statement in Dr. Forte's opening memorandum (at 7), there is no indication in the reported decision that the Third Department "held that the only claims preserved for the federal court were plaintiff's supervening § 1983 claims and not his state claims." Indeed, there is no indication in the decision that there was any state law claim. If there had been such a claim, the court's observation that the plaintiffs were free to pursue their claim in federal court would be inconsistent with Dr. Forte's position.

9. *Parker v. Fogg*, 85–CV–177, 1994 WL 49696 (N.D.N.Y.1994); *Holmes v. Besson*, 92 CV–0759

(N.D.N.Y. Mar. 7, 1994); *Brown v. Sheridan*, 150 F.R.D. 462 (N.D.N.Y.1993).

10. The Eleventh Amendment bars only damage claims in federal court against the States and, of necessity, damage claims against State officials and employees in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 & n. 17, 105 S.Ct. 3099, 3107 & n. 17, 87 L.Ed.2d 114 (1985). It has no bearing on individual capacity suits in either federal or State courts. *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); *see also Kentucky v. Graham*, 473 U.S. at 165–67, 105 S.Ct. at 3104–06.

N.Y.Laws 1972, ch. 283, § 15 (emphasis added).[11]

The Governor's memorandum on the bill stated, with respect to this provision, only that the bill would:

"amend the Correction Law and the Mental Hygiene Law to require that civil actions arising out of the performance of duties or failure to perform such duties by certain employees be brought against the State in the Court of Claims, and to authorize the indemnification of such employees in the event they are held liable for civil damages in the United States Courts for such acts or omissions arising out of their employment...." N.Y.S.Leg.Ann.1972 at 35, 40 (footnote omitted).

Thus, as enacted, Section 24 contemplated the possibility of suits arising out of the actions of DOCS officers and employees in *either* State or federal courts. Individual capacity suits were prohibited in State courts, but DOCS employees were indemnified against federal actions. Since the Eleventh Amendment stood (and still stands) as a bar to official capacity damage suits against State officials in federal court, the subdivision 3 indemnity for federal court actions could have been intended to apply only to individual capacity suits. This certainly undermines Dr. Forte's contention that the statute was intended to abrogate individual capacity claims based on State law.[12]

Section 24 was amended by chapter 466 of N.Y.Laws 1978,[13] which was captioned in relevant part "[a]n Act ... in relation to the indemnification and defense of state officers and employees ..." Chapter 466 enacted a revised Section 17 of the New York Public Officers Law, which provides generally for the defense and indemnification of State officers and employees, including the officers and employees of DOCS.[14] *Id.* § 1. And it deleted subdivisions 3 through 6 of Section 24 of the Correction Law, *id.* § 2, which were superfluous in light of the revised indemnification provisions of the Public Officers Law. Thus, the elimination of subdivision 3 from the pre–1978 version of Section 24 of the Correction Law reflected a change in the organization of the New York statutes pertaining to indemnification of State officers and employees, not a change in substance in any respect relevant here.[15]

The legislative history thus reinforces the conclusion that flows from the plain text of Section 24. There is no indication of any intention to abrogate common law claims arising out of the official actions of DOCS employees. Since the State, in most cases, was obliged to defend and indemnify against such claims, Section 24 provided for doing so in an efficient manner to the extent it was within the power of the Legislature to accomplish that goal. It centralized such cases in the Court of Claims and dispensed with the complications that occasionally arise as a result of the lack of proper notice of a suit by the employee to the Attorney General as well as disputes over indemnification rights. But there is no evidence that it intended to do anything more.

In consequence, Dr. Forte's motion to dismiss the individual capacity state law claims

---

11. The remaining four subdivisions dealt with such matters as effective date, procedure for procuring representation by the Attorney General, and the like.

12. The Select Committee on Correctional Institutions and Programs, which recommended the 1972 legislation, indicated that subdivision 3 would indemnify DOCS employees "held liable for civil damages under the Federal Civil Rights Act." Select Committee on Correctional Institutions and Programs, Report No. 2 at 23 (1972). But there is no suggestion that the Select Committee even considered the question of pendent state claims, much less that the purpose of its recommendation was to abrogate the preexisting common law liability of DOCS employees with respect to claims asserted in federal courts.

13. There was an immaterial intervening amendment in 1974. N.Y.Laws 1974, ch. 537.

14. It provides, among other things, for the defense and indemnification of DOCS employees and officers with respect to suits against them in the federal courts. N.Y.Laws 1978, ch. 466, § 1 *codified in* N.Y.Pub.Off.L. § 17 (McKinney 1988).

15. This is borne out by the legislative memoranda and budget report on the bills that became chapter 466, copies of which are annexed as Exhibit E to Plaintiff's Memorandum of Law in Opposition to the motion to reargue.

against him, previously denied by Judge Duffy, is denied on reargument. As noted, the motion to dismiss the official capacity state law claims is granted on consent.

SO ORDERED.